UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| F.D.C. VILLASENOR, a minor, by and through his parent and guardian, MARTHA VILLASENOR,<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE PUBLIC SCHOOLS, *et al.*,<br><br>Defendants. | CASE NO. 2:19-cv-01232-RSL-JRC<br><br>ORDER TO SHOW CAUSE REGARDING MINOR SETTLEMENT |

This matter is before the undersigned on referral from the District Court. *See* Dkt. 8. For the reasons discussed below, the Court notes the parties' stipulated motion for dismissal (Dkt. 17) for consideration on February 28, 2020 and directs additional briefing as outlined herein.

**DISCUSSION**

When claims involving a minor settle, the Court has "a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." This duty includes conducting "its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*,

724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). When considering whether to approve a proposed settlement of federal claims involving minors, the Court must consider whether the settlement is fair and reasonable in light of the facts and specific claims at issue and recoveries in similar cases, but without regard to the fee that the adult plaintiffs agreed to pay plaintiff's counsel. *See Robidoux*, 638 F.3d at 1181–82. If a court is not satisfied that minors' interests are being protected, it may reject a proposed settlement. *See id.* at 1179.

In this matter, the parties have not sought Court approval of the settlement, instead filing a stipulated notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a). However, the Court must intervene under these circumstances to ensure that the minor's interests are protected.

The Court's ability to inquire into whether the minor's interests have been protected is hampered by the parties' failure to request Court approval. Moreover, although this Court's Local Civil Rule 17 requires that a guardian ad litem be appointed by the Court to investigate the adequacy of an offered settlement of a minor's claims, no party has requested the appointment of a guardian ad litem. Nor has any party explained whether an exception to appointing a guardian ad litem exists. *See* Local Civil Rule 17(c) (allowing the Court to dispense with appointing a guardian ad litem if a general guardian has previously been appointed or if the court finds that independent counsel represents the minor). In at least one other case in this District, failure to comply with Local Civil Rule 17(c) has resulted in denial of a request to approve a minor settlement. *See* Order Denying Approval of Settlement, Dkt. 28, *D.M. et al. v. USAA Casualty Ins. Co.*, No. 2:15-cv-00128 BAT (Dec. 21, 2015).

In sum, here the parties have neither requested Court approval of their settlement nor satisfied the requirements of Local Rule 17(c). A stipulated notice of dismissal is not permitted to circumvent this Court's duty to inquire into the settlement of a minor's claims. *See, e.g.*, *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) ("While a properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval . . . a court may decline to permit a voluntary dismissal when required to avoid short-circuiting the judicial process, or to safeguard interests of persons entitled to the court's special protection.").

Therefore, at present, the Court declines to recommend that the stipulated dismissal be adopted. Instead, the stipulated dismissal (Dkt. 17) shall be noted for consideration on **February 28, 2020**. On or before that date, the parties shall show cause regarding whether the Court should approve the settlement, including providing information that they believe is relevant, such as whether a state court has passed upon the propriety of the settlement. The parties may satisfy this show-cause order by filing a stipulated motion for approval of a minor settlement or other appropriate filing that addresses the issues outlined herein.

Dated this 3rd day of February, 2020.

J. Richard Creatura
United States Magistrate Judge